JUDGE PRYOR
delivered the opinion oe the court.
The plaintiff, the Mt. Sterling Coal Road Company, states that it is a body politic and corporate, created by an act of the General Assembly of Kentucky, passed on the-day of-, in the year-. That at a meeting of its president and directors, in accordance with the terms of its charter, an order was entered on its books projecting and extending its road from Mt. Sterling to the Kentucky Central Road at Cynthiana.
That books of subscription were opened for that purpose and signed by the appellant, by which he became a subscriber of ten shares of stock in the road. The agreement reads, “ We, the undersigned, agreé to subscribe the number of shares of $50 each to the,capital stock of the Mt. Sterling Coal Road Company,” etc., signed by “John Lail, ten shares,” etc.
A demurrer was entered to this petition, and one of the grounds relied on is, that the pleader failed to allege the organization of the company in the manner provided by the charter. The fourth section of the act of incorporation provides that “ whenever $15,000 shall have been subscribed, and notice shall have been given each subscriber of the time and place when and where a meeting of such subscribers shall be held, they may assemble and effect a permanent organization of the company and commence operations,” etc.
Here is a direct undertaking on the part of the appellant to pay an incorporated company a certain sum of money for the purpose of extending its road, and now the appellant denies that the company ever had an existence, and proposes to raise that question by demurrer.
This can not be done. The appellant has admitted by his own undertaking the existence of the corporation and its organization, and if the corporation has ceased to exist or the company was never incorporated, the defense, to make it available, must be made by an appropriate pleading. A note executed *35 to one as administrator dispenses with the necessity of producing the letters of administration; or a note payable to the Bank of Kentucky is an admission by the obligee that such a bank exists; and it would be mere surplusage for the pleader to allege that by the terms of the charter the bank was authorized to commence business when $15,000 of its capital stock had been subscribed; that the requisite amount of stock had been taken, and the company organized, and thereafter the appellant executed his note, or before its organization undertook to and did subscribe so much to its capital stock.
The petition is not only good on demurrer, but a general traverse by plea that no such corporation existed would be bad on demurrer, as such a plea is a denial of a fact that the obligee has already admitted. In the case of Fry’s executor against Lexington & Big Sandy Railroad Company, reported in 2 Metcalfe, page 323, in an action to recover a subscription of stock, it is said that the subscription of a certain amount of capital stock being necessary before an organization could be effected, the subscription of that sum was a condition precedent, and the liability of the subscriber depending upon its payment, the failure to aver this fact rendered the petition fatally defective. This subscription was headed “Railroad stock taken at Catlettsburg in Lexington & Big Sandy Railroad Company, May 12, 1852.” This was evidently a case where the parties were endeavoring to raise a sufficient amount of capital stock to enable the company to organize, and such facts appearing in the petition the court sustained the demurrer or adjudged the petition bad. The original record is not in this court.
If we are mistaken as to the facts of that case, still we must adjudge that upon an unconditional promise to pay a corporation a certain sum of money, either as an ordinary debt or as a subscription to its capital stock, it is unnecessary to aver that the requisite amount of capital stock *36 has been subscribed, as provided by the charter, in order to present a good cause of action. The other questions raised by the demurrer and answer have been decided at the present term in the cases of Stewart and others from the same court, involving similar questions. Judgment affirmed.